UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OWNER/AGENT@DUDEOFNEWYORK,

               Plaintiff,

-against-

THE U.S. GOVERNMENT STATE/ PROVINCE (.GOV); CALIFORNIA (CA.GOV) (@CAGOVERNOR); GEORGIA (GEORGIA.GOV)(GOVERNOR.GEORGIA.GOV); ILLINOIS (ILLINOIS.GOV); NEW YORK (NY.GOV); DELAWARE (DELAWARE.GOV); VIRGINIA (VIRGINIA.GOV); SOUTH DAKOTA (SD.GOV); UTAH (UTAH.GOV); NORTH CAROLINA (NC.GOV); NJ (NJ.GOV),

               Defendants.

25-CV-6007 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who identifies himself as the "Dude of New York," is proceeding *pro se.* In prior cases, Plaintiff signed his complaints with his real name, Damonte or D'Amonte Brown.[1] He brings this action, under the court's federal question jurisdiction, as a "low-income taxpayer lawsuit." (ECF 1 at 10.) By order dated July 29, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

---

[1] *See Owner/Agent@Dude of New York v. Hon. Kathy Hochul*, No. 24-CV-5930 (LTS) (S.D.N.Y. Jan. 10, 2025), ECF 7 at 1 (noting that Damonte Brown signed the complaint filed on behalf of "Dude of New York").

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff filed this complaint against the United States Government and the governments of California, Georgia, Illinois, New York, Delaware, Virginia, South Dakota, Utah, North Carolina, and New Jersey. Plaintiff filed multiple copies of the Court's general complaint form, including six different fact statements. (ECF 1 at 30-36.) Following is a representative sample of his allegations.[2]

> Relief statement: Penalty assigned to each/all/every U.S. Government Regional State/Province (.Gov) Defendant per matter subject to federal and state local rules under penalty of law. All Rights Reserved. The U.S. dollar. Further, 1. Enforcement; enforcement of the law, like or as demanded in federal civil process/due process default mailer(s) (2025) served upon defendants/ litigant party(s), private dispute/due compensation digitally/electronically. More information [illegible] Furnished. 1/A – O/A@Dude of New York online [illegible] continued 2. Penalty due compensation triplicate of due process matter(s) for default in each/all/every (June/July 2025) non-state Defendants/litigants/party(s) legal/tax obligation for full payment/compensation

---

[2] Because Plaintiff's handwriting is difficult to read, the Court quotes the complaint verbatim, to the best of its ability. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

>under penalty of law. All rights reserved. The U.S. Dollar see all pages for complete relief statement, III. 1/A O/A @Dude of New York.

(*Id.* at 30-36.)

In the Relief sections of his submissions (*Id.* at 36-41), Plaintiff seeks to have Defendants "comply" with "enforceable III. Facts of the case, including but not limited to relief statement, fullest extent with opportunity for private/direct compliance [illegible] furnished FOIL-compliant." (*Id.* at 36.) Attachments to the complaint include: (1) a QR code to pay Plaintiff through a "cash app" and a related direct deposit form; and (2) short biographies of Brian Grassadonia, an "Ecosystem Lead" at "Block, Inc." and United States Attorney General Pam Bondi. (*Id.* at 25-29.)

## DISCUSSION

**A.    The complaint fails to comply with federal pleading rules**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint

fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order?) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with basic pleading requirements. In his complaint Plaintiff seeks money damages from the United States Government and 10 state governments, but he provides no factual allegations in support of his claims. His allegations do not provide a short and plain statement giving Defendants fair notice of the claims he is asserting and the grounds on which they rest. Nor does Plaintiff provide any indication of the legal basis of his claims or why this Court has jurisdiction of his claims. The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Defendants are immune from suit for money damages**

    **1.    Sovereign immunity**

Under the doctrine of sovereign immunity, the United States of America is immune from any liability arising out of Plaintiff's claims. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[3] *United States v. Mitchell*, 445 U.S. 535,

---

[3] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their

538 (1980); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against the United States of America under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

**A.     Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

The States named as Defendants have not waived their Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See, e.g.*, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1213 (10th Cir. 2019) (holding that the Eleventh Amendment bars claims against Utah state officials); *Mierzwa v. U.S.*, 282 F. App'x 973, 976

---

office or employment. *See* 28 U.S.C. § 1346(b)(1). Insofar as Plaintiff's assertions may be construed as facts, they do not suggest that the FTCA is applicable here.

5

(3d Cir. 2008) (noting that New Jersey has not waived its Eleventh Amendment immunity in Section 1983 cases). The Court therefore dismisses Plaintiff's Section 1983 claims against the state governments named as defendants under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from defendants that are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010); *see also Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for 'unmistakably' defective pleadings, *id.*, and serial litigation that 'reassert[s]' claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).") Because there is no indication that Plaintiff can state any meritorious claims falling within this Court's jurisdiction,

or that the defects in the complaint can be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint because it would be futile.

Additionally, a *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009). Plaintiff previously filed six *pro se* complaints in this court, all of which have been dismissed on the merits. *See Owner/Agent@Dude of New York v. Hon. Kathy Hochul*, No. 24-CV-5930 (LTS) (S.D.N.Y. Jan. 10, 2025) (dismissing complaint under the Eleventh Amendment); *Owner/Agent@Dude of New York v. The Unified Court System of the State of New York*, No. 24-CV-5929 (LTS) (S.D.N.Y. Jan. 2, 2025) (dismissing complaint, after granting leave to replead, under the Eleventh Amendment and the doctrines of judicial and sovereign immunity, and for failure to state a claim); *Brown v. JP Morgan Chase*, 23-CV-02775 (LTS) (S.D.N.Y. Oct. 2, 2023) (dismissing complaint, after granting leave to replead, for lack of subject matter jurisdiction); *Brown v. President/Founder Alma Realty Corp.*, No. 22-CV-2648 (LTS) (S.D.N.Y. July 25, 2022) (dismissing complaint for lack of subject matter jurisdiction); *Brown v. Bd. of Dir., the Door*, No. 22-CV-2646 (LTS) (S.D.N.Y. May 16, 2022) (dismissing complaint for lack of subject matter jurisdiction); *Brown v. 46th President of the U.S.* No. 22-CV-1954 (LTS) (S.D.N.Y. May 16, 2022) (dismissing complaint under the doctrine of sovereign immunity and for lack of subject matter jurisdiction).

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware when he filed this complaint that his claims lack merit. The Court warns Plaintiff that further meritless litigation in this district may result in an order barring him from filing new actions IFP unless he first obtains permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii); Fed. R. Civ. P. 12(h)(3).

The Court warns Plaintiff that further meritless litigation in this district may result in an order barring him from filing new actions IFP unless he first obtains permission from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   August 21, 2025
           New York, New York

                                               */s/ Louis L. Stanton*
                                                Louis L. Stanton
                                                   U.S.D.J.